CLEMENT D. CHAPDELAINE *vs.* DANIEL T. HANDY *et als.*

Under the Judiciary Act, cap. 26, § 2, which provides that in case a judgment is entered by default or by mistake, the court entering the same " may, for cause shown, set aside the same and reinstate the case, or make a new entry and take other proceedings, with proper notice to parties," the court has no jurisdiction to set aside a judgment entered by default and reinstate the case for trial, without previous notice to the parties.

CERTIORARI.

The petitioner obtained judgment by default in an action against the respondent Handy, in a District Court, and took out execution thereon, which was delivered to an officer for service. Subsequently the District Court, without notice to the petitioner, made the following order :—

"Upon hearing : It is ordered that the judgment heretofore rendered in this case be set aside, and said case be reinstated and called for trial on Monday, Oct. 22, 1894, at 9 o'clock, a. m., at Johnston. Notice hereof to be given the plaintiff on or before Monday, Oct. 15, 1894."

The Judiciary Act, cap. 26, § 2, is as follows : —

"SEC. 2. In case of judgment by default, or in case of judgment entered by mistake, or in case of decrees in all equity causes and cases following the course of equity, the court entering the same shall have control over the same for the period of six months after the entry thereof, and may, for cause shown, set aside the same and reinstate the case, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may by general rule or special order direct."

*October* 25, 1894. PER CURIAM. It is alleged in the petition and conceded by the counsel for the respondents that the order setting aside the judgment in the court below and reinstating the case for trial was without notice to the petitioner who was the plaintiff in the judgment. This being so, we are of the opinion that the court had no jurisdiction under the Judiciary Act, cap. 26, § 2, to make the order, the words "with proper notice to the parties," applying to the clause in relation to setting aside a judgment and reinstat-

ing the case, as well as to the clause in relation to making a new entry of the case and the taking of other proceedings.

*Petition granted and writ ordered to issue.*

*Christopher M. Lee & Frank W. Tillinghast,* for petitioner.

*John W. Hogan,* contra.